Robert A. Haughey, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Roger D. Mellick and Catherine G. Mellick, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 106284, 106285. Promulgated June 2, 1942.

*Robert J. Dixson, Esq.*, for the petitioners.
*Conway Kitchen, Esq.*, for the respondent.

2

## OPINION.

ARUNDELL: The partnership of Carlisle, Mellick & Co., in computing its income for the year 1934, deducted the amount of $8,869.19 for Federal revenue stamp taxes paid and had a net income of approximately $730,000. In the taxable year the partnership received a refund of stamp taxes which included the $8,869.19 deducted from its gross income in 1934. Respondent determined that the amount of the refund was income to the partnership in the taxable year. The deficiencies arise from respondent's inclusion in the incomes of petitioners of amounts representing their allocable shares of the additional partnership net income derived from the refund of the stamp taxes. Petitioners contend that they received no tax benefit from the deduction of the stamp taxes by the partnership so that no part of the amount representing the reimbursement may be included in their incomes. Respondent maintains that reimbursement of a previously deducted item is includible in gross income irrespective of tax benefit. He also argues that petitioners in fact received a tax benefit in that each

of the petitioners had a net income for the year 1934 and failed to pay a tax merely because they had exemptions and credits in excess of net income.

The "tax benefit" theory, upon which petitioners rely, may be simply stated. Where a taxpayer takes a deduction in one year but because of other deductions has no taxable income for that year without reference to the deduction in question, a later refund of all or a part of the amount deducted will not be treated as income. We have consistently followed this doctrine since the date of promulgation of our opinion in *Central Loan & Investment Co.*, 39 B. T. A. 981. *National Bank of Commerce of Seattle*, 40 B. T. A. 72; *Walter M. Marston*, 41 B. T. A. 847; *Amsco-Wire Products Corporation*, 44 B. T. A. 717; *State-Planters Bank & Trust Co.*, 45 B. T. A. 630. See *Citizens State Bank*, 46 B. T. A. 964. Where, however, a taxpayer by virtue of a deduction paid less tax than would have been paid if the deduction were not taken, a subsequent refund to the taxpayer of the deducted item is includible in gross income to the extent that taxable income of the prior year was offset by the deduction. *Hurd Millwork Corporation*, 44 B. T. A. 786; *American Dental Co.*, 44 B. T. A. 425. With these principles in mind we turn to the question of their application to the instant case.

The partnership is not a taxable entity. Yet it is separate and distinct from its partners for purposes of computing partnership income, which is taxed to the partners. The revenue acts provide that the net income of a partnership shall be computed, with exceptions immaterial here, in the same manner and on the same basis as that of an individual. See section 183 of the Revenue Act of 1938. Each partner's distributive share of the partnership net income, so computed, must be included in income of that partner. Sec. 182, Revenue Act of 1938. The distributive shares of the partners in 1934 were amounts which reflected the deduction of the stamp taxes by the partnership. The distributive shares of the partners in 1938 necessarily included the allocable portions of the partnership's net income for 1938. The fact that the partnership net income was greater by reason of including as an item the refund of taxes is of no importance.

The tax benefit theory, if applicable, should be employed to determine whether the partnership received an offset of income by virtue of the payment of stamp taxes. Since the partnership had a net income of approximately $730,000 in 1934, there can be no question that it did. The petitioners, then, can not invoke the tax benefit rule with respect to the partnership. Nor do we think it may be tested by the final tax benefit accruing to the individual partners, as here urged. That such a rule would be fraught with administrative difficulties is evident. For example, a partnership having a large number of partners might realize a tax benefit from a deduction, receive a refund of the

deduction in the taxable year, and yet have the individual shares of its partners for income tax purposes vary widely, depending upon whether those partners had other deductions or credits in the year the partnership took the deduction. The tax benefit rule has never been based on a strict dollar saving in tax, *Central Loan & Investment Co.*, *supra; American Dental Co.*, *supra*, but rather on the use of the deduction in reducing the net income of the taxpayer. *Estate of James N. Collins*, 46 B. T. A. 765. The fact that petitioners paid no tax and would not have paid a tax even if the deduction had not been available to the partnership is not controlling. Petitioners' income from the partnership was reduced by reason of the partnership availing itself of the deduction. That is sufficient to sustain respondent's determination. Petitioners must include in gross income for the taxable year their entire shares of income of Carlisle, Mellick & Co.

Reviewed by the Board.

*Decisions will be entered for the respondent.*

LEECH concurs only in the result.